HAMMACK, RISH SONS CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 10516.   Promulgated April 26, 1927.

*Frank Reagan, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

This proceeding involves a deficiency of $1,819.14 for the year
1919, and overassessments for the years 1916 and 1917 in the amounts
of $55.60 and $1,668.36, respectively.   The issues are: (1) Failure
of the Commissioner, in computing the overassessment for 1917,
to allow as a credit against the total tax liability of that year interest
in the amount of $113.81 paid on additional assessment asserted by
the Commissioner and paid in 1921; (2) failure of the Commissioner
to allow as deductions for 1919 the expenses of the first 15 days
of the year, amounting in the aggregate to $4,454.99; and (3) re-
duction of invested capital for 1919 by the amounts of $1,857.99 and
$31.17, on account of income and profits taxes for prior years.   Re-
spondent moved to dismiss the proceeding as to 1917 for lack of
jurisdiction, on the ground that the total tax for that year, as
shown in the deficiency notice, is less than the total tax shown by
the petitioner upon its return.   The parties agree that for 1916
there is an additional tax to be paid of $31.17.

FINDINGS OF FACT.

Petitioner is a Georgia corporation with its principal office at
Edison, Calhoun County.

On its income and profits-tax return for 1917, petitioner showed a
total tax of $461.07.   The total tax for the same year as computed
by the Commissioner in the deficiency notice is $334.35; and the over-
assessment of $1,668.36 is shown in the deficiency notice as follows:

| | | |
|---|---|---|
| Total tax assessable | | $334.35 |
| Tax previously assessed: | | |
| Original, April 1918 list, page 9, line 8 | $461.07 | |
| Additional, February 1920 list, page 4, line 9 | 599.02 | |
| Additional, March 1924 list, page 7, line 2 | 942.62 | |
| | | 2,002.71 |
| Overassessment | | 1,668.36 |

In its return for 1919, petitioner reported gross sales of $157,-
133.03, and total purchases of $136,248.59, and a net income of $5,131.-
46.   The books of account show total sales of $6,769.57 for the period
January 1 to January 15, 1919, and $157,133.03 for the period Janu-
ary 16 to December 31, 1919; also total merchandise purchases of
$3,462.59 for the period January 1 to January 15, 1919, and $136,-

248.59 for the period January 16 to December 31, 1919. The books of account also show general expenses, salaries, office expenses, and advertising, of $992.40 from January 1 to January 15, 1919. The Commissioner added to the net income shown by petitioner's return the sum of $5,882.56, purporting to represent the sales of the fifteen-day period, January 1 to January 15, 1919, omitted from petitioner's gross income, but failed to allow the deduction of $3,462.59, purchases made during the same period, also omitted from the return.

The Commissioner reduced the invested capital for 1919 by the amounts of $1,857.99 and $31.17, because of income and profits taxes of prior years.

### OPINION.

STERNHAGEN: The total tax for 1917, as shown in the deficiency notice, is less than the tax shown on petitioner's return plus amounts previously assessed as deficiencies. Respondent's motion to dismiss the appeal as to 1917 is granted and order will be entered accordingly. *Appeal of R. P. Hazzard Co.*, 4 B. T. A. 150; *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

As the basis for the determination of the deficiency for 1919, the Commissioner caused an examination to be made of the petitioner's books, and found that the original return covered the period from January 16 to December 31, inclusive, by reason of the fact that the petitioner, on January 16, inaugurated a new set of accounts. Finding that the items of income for the period January 1, 1919, to January 15, 1919, had been omitted in the petitioner's computation of taxable net income, the Commissioner added to income the amount of $5,882.56, alleged to represent the sales of the fifteen-day period which had been omitted from the original return. The petitioner, at the hearing, presented in evidence the merchandise purchase and sales accounts for the fifteen-day period in question, from which it appears that the gross sales amounted to $6,769.57, and the gross purchases to $3,462.59. We have found, therefore, that the revision of the net income resulting from the inclusion of the fifteen-day period should be accomplished in part by increasing it by the difference between these two amounts, namely, $3,306.98, and not by the amount asserted in the deficiency notice of $5,882.56. This means that the Commissioner overstated the net income in this respect by the difference between $5,882.56 and $3,306.98, or $2,575.58.

Petitioner contends that the net income shown in the deficiency notice should be further reduced by $992.40, representing general expenses, salaries, office expenses, and advertising, of the fifteen-day period, but proof of the failure of the Commissioner to allow these expenses as deductions is lacking.

The petitioner does not dispute the correctness of the amounts by which the Commissioner has reduced invested capital for 1919, because of income and profits taxes for prior years, but merely questions the right of the Commissioner to make such a reduction. No evidence was offered to show that the Commissioner's action is not in accordance with *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment will be entered on 20 days' notice, under Rule 50.*